UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MICHAEL MAYSE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 2:20-CV-125-KAC-CRW |
| | ) |
| ETHICON, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER
OVERRULING DEFENDANTS' OBJECTIONS**

Before the Court is "Defendants' Objections to the Magistrate Court's Order" [Doc. 95], which raises objections to the Order of Magistrate Judge Cynthia Richardson Wyrick [Doc. 94]. That Order denied (1) "Defendants' Motion to Exclude the Case-Specific Testimony of Susan Hendrix, D.O." [Doc. 73], (2) "Plaintiffs' Motion to Strike Defendants' Motion to Exclude the Case-Specific Testimony of Susan Hendrix, D.O." [Doc. 77], and (3) "Defendants' Motion to Strike Plaintiffs' Untimely Expert Report and Memorandum in Support" [Doc. 80]. Because the Order is not clearly erroneous or contrary to law, Defendants' objections are overruled.

I. **Background**

Plaintiff Elizabeth Mayse, who passed away during the pendency of this action, allegedly sustained injuries from Defendants' Gynecare TVT Obturator System (TVT-O) [Doc. 8]. This case was initially transferred to the Southern District of West Virginia as part of Multidistrict Litigation Number 2327 (the "MDL") for consolidated pretrial proceedings [Doc. 3]. On June 16, 2020, after discovery concluded and the deadline for filing any dispositive motion or *Daubert*

motion passed, the MDL judge conditionally[1] remanded the case to this Court, urging "the receiving Court to immediately set these cases for trial without reopening discovery" [Doc. 54].

Nonetheless, on October 16, 2020, over twenty-four (24) months late, Defendants filed a motion to exclude the opinion testimony of Susan Hendrix, D.O. under Federal Rules of Evidence 702 and *Daubert* and a Memorandum in Support [*See* Docs. 17, 73, 74]. Defendants asserted that Dr. Hendrix's opinions in her initial report were inadmissible because: (1) they failed to attribute Plaintiffs' injuries to a specific defect in TVT-O; (2) they failed to offer or rely upon general causation opinions; (3) there was no indication that Plaintiff's specific TVT-O suffered from any alleged defects; and (4) there was no evidence that Plaintiff's specific TVT-O proximately caused the alleged injuries [Doc. 74]. Plaintiffs moved to strike Defendants' motion as untimely [Doc. 77]. Plaintiffs also responded to Defendants' motion, asserting that Dr. Hendrix's opinions satisfy the requirements of Rule 702 [Doc. 78]. Defendants acknowledged the untimeliness of their motion but asserted that the Court should consider it to "aid the judicial efficiency of this matter" [Doc. 84].

Defendants also moved to strike a supplemental affidavit submitted by Dr. Hendrix [Doc. 80]. Plaintiffs sent the supplemental affidavit to Defendants after Defendants filed a motion for summary judgment, based in part on alleged failings in Dr. Hendrix's initial report [*See* Docs. 70, 71, 80 at 1]. Defendants sought to strike the supplemental affidavit, alleging that was essentially an untimely expert report [Doc. 80]. Plaintiffs admitted that the supplemental affidavit was produced after the expert disclosure deadline but contended, among other things, that the

---

[1] No Party in this case opposed the conditional remand.

2

deadline did not apply because the affidavit was a supplement to Dr. Hendrix's initial report, timely submitted under Federal Rule of Civil Procedure 26(e) [Doc. 83 at 6-9].

Following a hearing on the motions, Judge Wyrick issued an Order [Doc. 94] denying both motions to strike [Docs. 77, 80] and denying Defendants' motion to exclude the testimony of Dr. Hendrix [Doc. 73]. As pertinent here, the Order concluded that the affidavit of Dr. Hendrix was a supplement to her initial report and therefore timely served under Rule 26(e) [*Id.*]. Under Rule 37(c), the Order concluded that even if the original opinions of Dr. Hendrix were deficient without supplementation, any error was substantially justified or harmless [*Id.* at 7]. Further, the Order concluded that Dr. Hendrix's opinions satisfy the requirements of Rule 702 and *Daubert* and are thus admissible [*Id.* 10-18]. Finally, the Order granted Defendants an opportunity to depose Dr. Hendrix to avoid any potential surprise or prejudice to Defendants [*Id.* at 18].

Defendants now object to the Order, asserting that it is clearly erroneous and contrary to law on three grounds [Doc. 95]. **First**, they assert that Dr. Hendrix's affidavit is more than a supplement to her report under Rule 26(e), and the Order did not find good cause or excusable neglect for Plaintiffs' untimely submission. **Second**, they contend that the Order committed clear error by concluding that permitting Dr. Hendrix to supplement her initial report with an affidavit is substantially justified or harmless under Rule 37(c). **Third**, Defendants assert that the Order erred by concluding that Dr. Hendrix's opinions are admissible under Rule 702 and *Daubert*. Plaintiffs oppose Defendants' objections to the order [Doc. 98] and do not, themselves, raise any objections to the Order.

II. Analysis

When considering Defendants' objections here, the Court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also*

3

28 U.S.C. § 636(b)(1)(A). This standard "provides considerable deference to the determinations of magistrate[]" judges. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (internal citations omitted). The Court reviews factual findings for clear error and reviews conclusions of law de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Id.* at 219 (internal citations omitted). "The question is not whether the finding is the best or only conclusion that can be drawn from the evidence." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Rather, a magistrate judge's factual finding will be upheld if there is evidence in the record to support it and the construction of that evidence is reasonable. *Id.* A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (internal citations omitted).

*First*, the Order did not err by concluding that Dr. Hendrix could properly supplement her initial report with her later-filed affidavit under Rule 26(e). To start with, the Order appropriately concluded that Dr. Hendrix's affidavit was a supplement to her initial report, not a new report with new opinions, because the affidavit presented "little, if any, new information," [Doc. 94 at 9], and served to "clarify . . . [Dr. Hendrix's] specific causation opinion," [*Id.* at 7]. Despite Defendants' assertions, Dr. Hendrix's initial report identified the TVT-O as "defective" and the "only cause" of Mrs. Mayse's injuries [Doc. 80-3]. And the supplemental affidavit primarily clarifies what Dr. Hendrix relied upon in reaching her opinions—the report of Plaintiffs' general causation expert, Dr. Jimmy W. Mays, and Mrs. Mayse's medical records [*See* Doc. 80-1]. As such, the Court need not find good cause or excusable neglect to permit timely supplementation under Rule 26(e). *See* Fed. R. Civ. P. 26(e)(2).

4

***Second***, even if the supplemental affidavit contained additional opinions that were untimely, Rule 37 permitted the Court not to exclude the opinions. Rule 37 does not require the automatic exclusion of untimely opinions. Instead, under Rule 37(c), exclusion is generally required "unless the failure [to timely disclose] was substantially justified or is harmless." *Id.* To determine whether a failure is "substantially justified" or "harmless," the Court weighs five factors:

> (1) The surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

The Order did not err in concluding that any failure to disclose Dr. Hendrix's supplemental affidavit earlier was substantially justified or harmless. As the Order noted, "Defendants should not be surprised or prejudiced by Dr. Hendrix's reference to the general causation opinion of Dr. Jimmy Mays, as Dr. Mays served as the general causation expert in the MDL" [Doc. 94 at 7]. Moreover, Defendant's assertion of surprise is undercut by the admitted importance of the causation issue, which is central to the claims in this case [*See* Doc. 95 at 11]. With an MDL involving thousands of cases, it defies credulity to claim surprise at the assertion of an alleged defect in the TVT-O. The Court also reasonably concluded that any surprise to Defendants could be cured by a brief extension of the discovery deadline to allow Defendants to depose Dr. Hendrix [Doc 94 at 7-8]. Because a trial date has not been set, neither the supplemental affidavit nor the potential extra deposition would disrupt the trial. And in Defendants' own estimation, the affidavit is critical to Plaintiffs' case [Doc. 80 at 1]. Plaintiffs' lack of an explanation for the timing of their

5

disclosure need not alter the ultimate conclusion. The Order appropriately weighed the relevant factors and concluded that any failure by Plaintiffs was substantially justified or harmless.

***Third***, the Order did not err by concluding that Dr. Hendrix's opinions are admissible under Rule 702 and *Daubert*. Defendants offer two objections: (1) that Dr. Hendrix's report fails to allege specific causation by linking an injury to a defect in the product, [Doc. 95 at 15-16], and (2) that Dr. Hendrix's opinions do not rest on a reliable foundation, [*Id.* at 16-17]. Defendants' first objection is undermined by the Order's thorough analysis of this issue, [Doc. 94 at 13-16], which is not erroneous. Further to the extent that Defendants contend that Dr. Hendrix's stated causal link is incomplete, that objection goes to the weight of Dr. Hendrix's opinions, not admissibility. This is, of course, an issue that Defendants would have an opportunity to explore at the Court-authorized deposition of Dr. Hendrix.

Defendants' second objection raises significant issues and requires an exacting analysis. To be reliable, a proposed expert's opinions "must be 'supported by appropriate validation—i.e., 'good grounds,' based on what is known.'" *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993)). Rule 702 specifically requires that opinions be "based on sufficient facts or data," "the product of reliable principles and methods," and a reliable application of "the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529. Defendants do not challenge Dr. Hendrix's knowledge or experience or argue that she misapplied principles and methods to the facts of this case [*See* Doc. 95]. Rather, they assert that Dr. Hendrix's opinion is unreliable because she did not specifically explain her methodology in her report [*Id.* at 16-17]. However, as the Order noted, it appears that Dr. Hendrix formed her opinions by applying her extensive knowledge and experience upon review of the relevant medical records, peer-

6

reviewed literature, and Dr. Mays's report [Doc. 94 at 17]. These grounds form a sufficiently reliable basis and method for Dr. Hendrix's opinion. Again, the questions Defendants raise about the weight to give Dr. Hendrix's opinions can be explored during the deposition of Dr. Hendrix that was expressly permitted by the Court.

### III. Conclusion

The Order [Doc. 94] is not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Accordingly, the Court **OVERRULES** Defendants' "Objections to the Magistrate Court's Order" [Doc. 95]. The stay of this case is **LIFTED**. If Defendants desire to depose Dr. Hendrix, they must make a written request to Plaintiff within seven (7) days of entry of this Memorandum Opinion and Order and provide written notification to the Court. Plaintiffs shall fully cooperate with the scheduling of Dr. Hendrix's deposition. The deposition of Dr. Hendrix shall take place within thirty (30) days of the entry of this Memorandum Opinion and Order.

Further, "Defendants' Renewed Motion for Summary Judgment" [Doc. 70], which is based in part on alleged failings in Dr. Hendrix's initial report, which Dr. Hendrix has since supplemented, is **DENIED AS MOOT WITH LEAVE TO REFILE**. Any renewed motion for summary judgment filed by Defendants must reflect this Memorandum Opinion and Order and be filed within sixty (60) days of the entry of this Memorandum Opinion and Order. The Court will set a status conference upon consultation with the Parties to select a date to begin the trial of this matter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge